THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* RUTHERFORD.

NEGLIGENCE.—PLEADING.—In an action for an injury to the person, it was held that an answer alleging that the injury resulted from the carelessness of the plaintiff was properly stricken out on motion, as evidence of the fact pleaded was admissible under the general denial, which was also pleaded.

INTERROGATORIES TO THE JURY.—PRACTICE.—The court declined to consider an objection that improper interrogatories had been submitted to the jury, because the party objecting could not have been injured.

NEGLIGENCE.—Where the negligence of the plaintiff directly contributes to the injury, he cannot recover.

PASSENGERS.—RAILROADS.—The duty of a carrier of passengers does not

extend to the imprisonment of the passenger, so as to prevent him from voluntarily exposing himself to needless peril.

SAME.—The carrier is not bound to so protect the windows of its coaches that a passenger cannot get his limbs through them; and where an injury resulted from the arm of a passenger, placed by him several inches outside the window, coming in contact with the structure of a water-tank, it was held that the carrier was not liable.

APPEAL from the *Morgan* Circuit Court.

FRAZER, C. J.—The suit was for injuries received by the plaintiff while a passenger on the defendant's (now appellant) cars. The general denial was pleaded. A special answer, alleging that the injuries resulted from the carelessness of the plaintiff, was stricken out on motion, and this is assigned for error. It was right. The fact could properly be proved under the general denial.

For the same reason, as well as that it was in the discretion of the court to allow, or not, a further answer after the cause was at issue, there was no error in a refusal of leave to file an additional paragraph, of the same legal effect as that which had been stricked out.

The putting of certain interrogatories to the jury is also complained of. We need not determine whether the interrogatories were proper, for the reason that even if they were improper, it would not follow that the judgment must be reversed. We do not say that the putting of improper interrogatories could, in no case, result in injury to a party, but in this case no possible injury could have followed, and hence if there was error in that respect, it is not available here.

The evidence showed that the injury received was a broken arm, and that at the time of the accident the plaintiff's arm was projecting out of the window of the coach in which he rode, in consequence of which it came in contact with some object outside, probably a timber frame supporting a water-tank. The jury found specially, in answer to an interrogatory, that the injury would not have happened if the plaintiff had kept his arm inside the car. In consequence of damages to the main track of the railroad, caused

by a recent freshet, the train was, on this occasion, compelled to pass a short distance upon a side track which was dangerously near to the structure of the water station, if passengers allowed their limbs to protrude a distance of three or four inches outside of the windows of the carriages. The injury occurred by reason of the plaintiff having no notice of the special danger. It did not appear that slats or other appliances were provided to prevent persons from putting their limbs outside the windows.

The jury was instructed as follows: 1. That the mental suffering of the plaintiff might be taken into consideration in fixing the damages, should the verdict be for him. 2. That the same skill and diligence was required of the defendant, in running its train temporarily on a side track, as on the main track, and if, in running on the side track, there was a special danger from the close proximity to that track of fixed structures, it would be negligence in the defendant not to notify passengers of such special danger. 3. That the defendant was bound to provide wire gauze, bars, slats, or other barricades, to prevent passengers from putting their arms out of the car windows, and if the plaintiff's arm was casually extended two or three inches outside, and, by reason of the close proximity of the water-tank, he sustained the injury, the verdict should be for the plaintiff. 4. That if the water-tank was so remote from the track as not reasonably to endanger passengers resting their limbs on the window sill, and casually extending them a little beyond the outer edge of the car, and the plaintiff extended his arm so far beyond the car as to expose it to collision with the tank, such exposure would be negligence on his part, and the verdict should be for the defendant.

These instructions are called in question, as also the refusal of the court, on the defendant's motion, to instruct that the plaintiff could not recover if his arm or elbow was protruding out of the window, by reason of which he sustained the injury. Our attention is called to other questions, but in their presentation the rules of this court,

designed to secure intelligibility in argument, and thus enable the court to dispose readily of the business before it, have been disregarded; and hence, as is now our uniform custom, we do not consider those questions.

The sufficiency of the evidence to support the verdict ($700 for the plaintiff) is also presented for consideration. This judgment cannot stand. Nothing is better settled than that in such a case, if the plaintiff's negligence has directly contributed to the injury, he cannot recover. A passenger is as much bound to use reasonable care to avoid injury as the carrier is to use the greatest degree of skill and care to save the passenger from harm. Nor does the duty of the carrier extend to the imprisonment of the passenger so as to prevent the latter, by his recklessness or folly, from voluntarily exposing himself to needless peril. Though a passenger, he is nevertheless a free man. Railway coaches are provided with windows to promote the health of passengers by affording light and ventilation, and that the tedium of a journey may be relieved in some degree, and its pleasures enhanced, by viewing the objects along the route. The place for the passenger is inside, not outside, of the coach, and this is known to everybody who ever saw a railway coach. The carrier is no more bound to barricade the windows, to prevent passengers from extending their limbs outside, than he is to lock the doors to prevent them from going from car to car when the train is in motion, and thus voluntarily subjecting themselves to the dangers obviously incident to that act of rashness. The same reason which would require the one thing, would also require the other; nay, it is not easy to see why it would not require that the passenger should be so restrained of his liberty in every respect that he could not, by any act of his own, put himself in unnecessary danger. Such a power in railroad officials must exist, if the duty to exercise it exists. The obligation to answer in damages cannot be separated from the authority to do what is necessary to avoid liability. The law recognizes no such duty as resting upon

carriers of passengers, nor have they any authority to exercise such unreasonable and annoying power over those whom they carry. Their passengers are not their slaves, nor are the latter absolved from the duty of using ordinary care for their own safety. Unwarranted, officious and insulting interference with the liberty of passengers by railroads, had proceeded in this State to such a point that the legislature, at its last session, deemed it necessary to interfere and impose severe penalties to prevent one form of the annoyance. Acts 1867, p. 165.

The proposition put by the court below for the guidance of the jury, that it is the duty of the carrier to barricade coach windows, &c., finds some sanction in *The New Jersey Railroad Co.* v. *Kennard*, 21 Penn. 203, but it is so entirely at variance with the weight of authority and with elementary principles, that we cannot recognize it as good law. This case has recently been directly condemned and overruled by the same court, in *The Pittsburgh and Connellsville Railroad Co.* v. *McClurg*, 56 Penn. 294.

*Holbrook* v. *The Utica and Schenectady Railroad Co.*, 12 N. Y. 236, is also relied upon by the appellee as sustaining the action of the court, but in our opinion that case is very far from it. There, it was a controverted question whether the plaintiff's arm was inside or outside of the car when the injury occurred. The court below had charged the jury that the railroad company only contracted to carry the plaintiff safely, provided she kept within the cars; that it was for the jury to say whether her elbow was out of the cars at the time it was injured, and if it was, then it was a fact from which they might infer want of ordinary care on her part. The defendant had moved the court to instruct that if the jury found that the plaintiff's arm was outside of the window when the injury was received, it was an act of negligence, and she could not recover. The chief question in the appellate court was, whether the refusal of this instruction was error. That it was a correct statement of the law, was not questioned in the court of appeals, either

in the argument or in the opinion of the court. Indeed, the opinion is quite to the contrary; but there was held to have been no error in its refusal, for the sole reason that the lower court had charged the jury substantially in accordance with the request, and was right in declining to repeat it.

It cannot be necessary to cite authorities in support of the views upon this subject already announced in this opinion. We content ourselves with a reference to *Todd* v. *The Old Colony Railroad Co.*, 3 Allen 18, and *The Catawissa Railroad Co.* v. *Armstrong*, 49 Penn. 186, for a clear and forcible statement of the law upon the subject, as it has been settled for ages.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*S. P. Oyler* and *D. W. Howe*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellee.