PLATT, appellant, v. FORTY-SECOND STREET AND GRAND STREET FERRY RAILROAD COMPANY.

*Negligence — passenger on street car — contributory negligence*

Plaintiff, a passenger on defendant's street railway car, after the same had stopped, left it by the front platform, and, when six or eight feet from the car in the street, was thrown down and injured by the car horses, which had been detached from the car, after plaintiff had left, and were turning round. *Held*, that when plaintiff was injured she was no longer a passenger on defendant's car, and the fact that she had left such car by the front platform in violation of a regulation of defendant's road, known to her, did not make her guilty of contributory negligence.

APPEAL from a judgment in favor of defendant, entered upon the report of a referee. The action was brought in Kings county by Rachel A. Pratt against The Forty-second Street and Grand Street Ferry Railroad Company, a corporation operating a street railroad in the city of New York, to recover for injuries caused by the negligence of defendant's servants. The circumstances under which such injuries were received were these : On the 15th day of August, 1871, in the afternoon, the plaintiff and her husband took the defendant's car at the corner of Eighth avenue and Thirty-fourth street, New York, and arrived at the foot of Grand street, East river, on their way to Williamsburgh, between half-past seven and eight o'clock, riding a distance of between three and four miles. When the car stopped it was so near a cross-walk, which extends from the southerly side to the northerly side of Grand street, that the horses' heads reached over it. At the stopping place the car was about twelve feet from the northerly sidewalk of Grand street. The defendant, at the foot of Grand street, had two railroad tracks, and the car on which plaintiff rode stood on the southerly track, that is, on the one furthest from the northerly sidewalk. Southerly of the defendant's tracks were several other tracks, belonging to other railroads then in operation. In conspicuous places in the defendant's car, on which the plaintiff and her husband rode this time, were posted tin signs on which notices to passengers were painted in large and legible characters, among which notices were the following: "All persons are forbidden getting on or off the front platform." It had always been the custom of the defendant to keep such notices conspicuously posted in all its cars.

The horses of the defendant, attached to the cars on which plaintiff rode, wore the usual bells. The plaintiff had frequently ridden on the defendant's car before this time. When the car stopped at the foot of Grand street the plaintiff and her husband got off by the front platform; that is, the one nearest the cross-walk, and proceeded in a diagonal course for the point of intersection of the cross-walk and the northerly sidewalk. When they started from the car the horses were yet attached to the front of it; but when they were about six or eight feet from it one of the defendant's horses, in turning round on his way to the other end of the car, struck the plaintiff on her shoulder. She fell or was thrown forward upon the pavement and fell with her feet in a culvert, thereby receiving the injuries complained of.

The referee found in favor of the defendant, and directed that the complaint be dismissed.

*Oscar Frisbie,* for appellant.

*Ely & Smith,* for respondent.

TALCOTT, J. In this case the referee in coming to the conclusion, that the plaintiff was guilty of such contributory negligence as prevented her recovery, seems to have based this finding wholly upon the fact that she had previously left the car of the defendant in which she had been a passenger, by the front instead of the rear platform, contrary to the regulation of the company.

We do not think this circumstance at all conclusive. If the defendant could only be liable on the ground that the plaintiff was a passenger in its car, perhaps the violation of the regulation might have been conclusive evidence of negligence on the part of the plaintiff. But we do not think that the liability of the defendant necessarily must result entirely from the circumstance that the plaintiff had been a passenger on the car of the defendant. At the time when the accident occurred, the plaintiff had ceased to be a passenger on the car of the defendant. She was lawfully in the public highway, as were also the horses of the defendant; and we think the liability of the defendant, if liable, results not from the fact that it was a common carrier, but depends upon principles that apply to all persons lawfully using the highway; and we do not see how the fact that the plaintiff had been a passenger on board the

defendant's car, and in leaving the same had been guilty of a violation·of the regulations, can be considered as proximately contributory to the accident, or could relieve the defendant from such care as all persons lawfully using a public highway are bound to take to avoid injury to others, also lawfully using the same highway. Upon the ground, therefore, that the referee seems to have based his decision solely upon the idea that the defendant owed no duty of care to avoid negligence, by which the plaintiff was injured, except that which was founded upon the relation of carrier and passenger, we must reverse the judgment.

*Judgment reversed and new trial ordered.*

NOTE.—In *Pennsylvania R. R. Co.* v. *Zebe*, 33 Penn. St. 318, the reciprocal duties of railway companies to provide safe means of egress from their trains, and of passengers to conform to reasonable regulations in regard to leaving trains, are quite fully discussed. In that case, plaintiff's son, at a station upon which safe accommodations for exit were provided upon one side of the train, left such train on the other side, and was run into and killed by a passing locomotive. It was intimated, that by leaving on the wrong side of the train the son violated a reasonable regulation of the company, and the relation of common carrier no longer existed on the part of the company toward the son, and a recovery could not be had for the death of the son by reason of the negligence of the company, as such carrier. Upon the general question of the duty of passengers to obey regulations, see *P. & C. R. R. Co.* v. *McClurg*, 56 Penn. St. 294; *N. J. R. R. Co.* v. *Kennard*, 21· id. 203; *Catawissa R. R. Co.* v. *Armstrong*, 2 P. F. Smith, 282; *Pennsylvania R. R. Co.* v. *Ogier*, 11 Casey, 71; *Todd*·v. *O. O. R. R. Co.*, 3 Allen, 18; S. C., 7 id. 207; *Laing* v. *Colder*, 8 Penn. St. 203; *J. & C. R. R. Co.* v. *Rutherford*, 29 Ind. 82. — REP.