Parker C. J.
[After stating the case.] It would seem, at first, that he who does an unlawful act, such as incumbering tne highway, should be answerable for any direct damages which happen to any one who is thereby injured, whether the party suffering was careful or not in his manner of driving or in guiding his vehicle, for it could not be rendered certain, whether, if the road were left free and unincumbered, even a careless traveller or team driver would meet with any injury. But on deliberation we have come to the conclusion, that this action cannot be maintained, unless the plaintiff can show that he used ordinary care ; for without that, it is by no means certain that he himself was not the cause of his own injury: The party who obstructs a highway is amenable to the public in indictment, whether any person be injured or not, but not to an individual, unless it be shown that he suffered in his person or property by means of the obstruction ; and where to has been careless it cannot be known whether the injury is wholly imputable to the obstruction, or to the negligence of the party complaining. And considering the indulgence shown *665 ny the public to the citizens, in many places, to occupy a part of the highway for temporary purposes, leaving ample room for travellers with ordinary care to pass uninjured, the principle which requires that degree of care in order to entitle a party to damages, may be deemed salutary and useful. That such is the law, we are fully satisfied from an examination of the authorities cited.
The case of Butterfield v. Forrester, 11 East, 60, is very strong to this point. The plaintiff, who was riding violently in a public highway, was thrown down with his horse, and injured by means of an obstruction placed there by the defendant. It was proved, that if the plaintiff had not been riding very hard he might have seen the obstruction and avoided it, and on this ground he failed in the action. Lord Ellenborough said, “ A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right.” And in the Common Pleas, in the case of Flower v. Adam., 2 Taunt. 314, the same principle is recognised as law, the plaintiff being prevented from recovering, because it was proved he might have avoided the obstruction, if he had managed his horse with ordinary skill and care. These cases are cited in Wheaton’s edition of Selwyn’s Nisi Prius, and the principle is admitted into the text, that to entitle the plaintiff to an action for damages resulting from a nuisance he must show that he acted with common and ordinary caution.[1]
The only authority which seems to be in opposition to these, is contained in a short passage in Buller's Nisi Prius, *666 p. 26, in these words; “ If a man lay logs of wood cross a highway, though a person may with care ride safely by, yet if by means thereof my horse stumble and fling me, I may bring an action.” This citation at first struck us as maintaining a principle different from that laid down in the above cited cases, but on further consideration we are satisfied that there is nothing in it repugnant to it. The meaning of the passage undoubtedly is, that notwithstanding a person using due care may possibly pass the obstruction without injury, nevertheless, if one is injured, that is, as we understand it, if one who uses this care does by misfortune suffer from the obstruction, he shall recover. And we think the court, in the case first cited, must have so understood the passage, or it would have been commented upon, it having been pressed upon their consideration by the counsel. And we are led to consider this as the true sense of the passage, also, from examining the case cited by Buller from Carthew, 194, and 451, in which we find no position which would support Buller, if'he meant to say that a man might recover for an injury by an obstruction, without showing ordinary care on his part.
Whether the jury erred in their estimate of the evidence given them, which had a tendency to show a want of care on the part of the plaintiff, we are unable to say, as the case has not been reported with a view to set aside the verdict as contrary to evidence, or against the weight of it. The law was rightly stated to them, and it was their business to judge of the evidence. So that judgment must be rendered accord"ng to the verdict.

 See also Lane v. Crombie, 12 Pick. 177 ; Parker C. J. in Thompson v. Bridgewater, 7 Pick. 188 ; Savage C. J. in Harlow v. Humiston, 6 Cowen, 191 ; Bush v. Brainard, 1 Cowen, 78 ; Noyes v. Morris, 1 Vermont R. 353 ; Chaplin v. Hawes, 3 Carr. & Payne, 554 ; Pluckwell v. Wilson, 5 Carr. & Payne, 375 ; Sutton v. Clarke, 6 Taunt. 29 ; Jones v. Boyce, 1 Stark. R. 493 ; Wordsworth v. Willan, 5 Esp. R 273 ; Steele v. Inland Western Lock Navigation Co., 2 Johns. R. 283 ; Town of Lebanon v. Olcott, 1 N. Hamp. R. 339. The same rule holds in cases of negligence in the management of ships, whereby a loss accrues. Luxford v. Large, 5 Carr. & Payne, 421 ; Lack v. Seward, 4 Carr. &, Payne, 106 ; Handaysyde v. Wilson, 3 Carr. & Payne, 528 ; Vennall v Garner, 1 Crompt. & Mees. 21.