# WALSH v. OREGON RAILWAY AND NAVIGATION CO.

NEGLIGENCE—ACTION FOR—BURDEN OF PROOF.—In actions for negligence, the burden of proof always rests upon the party charging it. He must prove that the act was caused by the wrongful act, omission, or neglect of the defendant, and that the injury of which he complains was not the result of his own negligence and the want of proper care and caution.

ORDINARY CARE.—What is "ordinary care" is of difficult definition, but is said to have relation to the situation of the parties and the business in which they are engaged, and varies according to the particular circumstances under which it is to be exercised.

COMMON KNOWLEDGE—JUDICIAL NOTICE.—Courts take notice of that which is common knowledge and experience, and when the admitted facts disclose a case which the general knowledge and experience of men condemn at once as careless, it is the duty of the court to declare it negligence in law. But when the facts, though undisputed, do not fall within the range of ordinary observation and experience they are plainly to be submitted to the jury under proper instructions from the court.

EVIDENCE—JURY TO WEIGH.—When the evidence stands admitted, or uncontroverted, it concedes to the plaintiff every proper inference deducible from it—anything which he may fairly claim from that evidence. He has a right to ask the jury to believe the case as he presented it, and however improbable some portions of the testimony may appear to the court, the court cannot say that the jury may not give it full credence, and it is for them and not for the court to compare and weigh the evidence.

IDEM—ORDINARY CARE.—Where the evidence tended to show that a brakeman, in looking from a car window, received an injury from a water-tank left recently, by widening of the track, at an unsafe distance from

the side of the car, was in the performance of a duty arising out of the particular circumstances of his situation and connected with his employment, the question whether he exercised due care and caution and conducted himself in the usual way similar acts are done by persons in like employment, and other considerations of like character, do not fall within the range of ordinary observation and experience and should be submitted to the judgment and experience of the jury, under proper instructions from the court.

IDEM—JURORS THE BEST JUDGES.—Twelve men drawn from the body of the community, comprising men of various occupations and grades of intelligence, better represent that average judgment which it is the aim of the law to obtain, and, which the law assumes, better understand the ordinary affairs of life, and can draw safer and wiser conclusions from admitted facts thus occurring than can one man, or a single judge.

APPEAL from Multnomah County.  The facts are stated in the opinion.

*C. B. Bellinger*, for appellant.

*E. C. Bronaugh*, for respondent.

By the Court, LORD, J.:

This is an action brought by the plaintiff, Walsh, to recover damages for an injury alleged to have been caused by the negligence of the defendant.  In the answer, negligence is denied by the defendant, and negligence of the plaintiff, which contributed to the injury, is averred.  The evidence submitted by the defendant tended, substantially, to establish the following facts:  That at the time of the injury, the plaintiff was in the employ of the defendant in the capacity of brakeman on one of its railroad trains running between Walla Walla and Wallula; that a short time before the injury complained of, the track was narrow gauge, but had recently been widened into standard gauge; that the effect of this was to place the rails of the widened track proportionally nearer the water tank located on said road, so that the window sills of the cars in passing were vari-

ously estimated to be from six to eighteen inches from the timbers supporting the water-tank; that water-tanks located and constructed along the line of defendant's road were required to be $3\frac{1}{2}$ to 4 feet distant from the side of the cars; that the plaintiff had no knowledge of the proximity of this tank to the windows, or side of the cars, occasioned by the widening of the track from a narrow to a standard gauge, and that the injury occurred to the plaintiff in the night-time, as the train was passing by this tank; that just before the accident to plaintiff happened, he was sitting on the front seat of the car, nearest to the brake; he heard a noise which impressed him that something was wrong; that he immediately left his seat and looked out of the window from the right side of the car for a moment, and then passed back to the seat he before had occupied and put his head about eight inches out of the window for the purpose of seeing whether the noise he heard was caused by something being the matter with the train, and while in this position he received the injury complained of, which it is conceded was occasioned by his head coming in contact with the timbers supporting the water tank; that plaintiff was in the passenger car of the freight train, and there by instruction of the conductor; that plaintiff had received a copy of the rules and regulations, and had read them, and that portion requiring of freight conductors to know "that a reliable brake is on the rear car, and that a brakeman is kept at it while the train is running." There was also evidence tending to show, as occasion might require, that it was usual for brakemen to look out of the car windows to observe the running of the train. Upon this evidence, the plaintiff was nonsuited.

The code provides that a judgment of nonsuit may be given against the plaintiff on motion of the defendant,

when, upon the trial, the plaintiff fails to prove a cause sufficient to be submitted to the jury, and that such cause exists where it appears that if a jury were to find a verdict for the plaintiff upon any or all of the issues to be tried, the court ought, if required, to set it aside for want of evidence. The particular question, therefore, presented by the record in this case is, whether the facts submitted in evidence by the plaintiff showed such a clear case of negligence on his part as left nothing to be passed upon by the jury, and rendered it the duty of the court to pronounce upon such facts as matter of law that the plaintiff could not recover, and, consequently, that the defendant was entitled, on his motion, to a judgment of nonsuit. In reaching the determination of this question, it must be borne in mind that the facts submitted in evidence by the plaintiff are not disputed, but stand admitted and concede to him every just inference which he could fairly claim from that evidence, and that the defendant, granting all this, nevertheless claims that the plaintiff is still shown by that evidence to be guilty of such a want of ordinary care as the law declares a bar to any recovery by him. In actions for negligence, the burden of proof always rests upon the party charging it. He must prove that the accident was caused by the wrongful act, omission, or neglect of the defendant, and that the injury of which he complains was not the result of his own negligence and the want of ordinary care and caution. Although the evidence may disclose the defendant to have been guilty of negligence, it will not excuse negligence or the want of proper care and precaution on the part of the plaintiff. The law will not permit a recovery where the plaintiff, by his own negligence or carelessness, has contributed to produce the injury from which he has suffered. To entitle, then, the plaintiff to recover (conceding the negligence of the de-

fendant in not removing the water-tank to the proper distance after widening the track) it was incumbent on him to prove, when the accident occurred, that he exercised that ordinary care which a party ought to observe under the particular circumstances in which he was placed. What is "ordinary care" is of difficult definition, but is said generally to have relation to the situation of the parties and the business in which they are engaged, and varies according to the particular circumstances under which it is to be exercised. (*Fletcher* v. *Boston & Maine R. R. Co.*, 1 Allen, 9.) This shows how difficult, if not impossible, it is to lay down any general rule of easy application to every case which may arise. What might be accepted as a just rule to indicate the want of ordinary care in the act of a passenger alleged to have contributed to his injury, might prove an extremely unjust standard to indicate the want of ordinary care in an employee doing the same act in performance of his duty, or under the particular circumstances of his situation. There is, however, a class of cases where, upon undisputed facts, the courts have held as matter of law that the act alleged to have contributed to the injury, evinced such a want of ordinary care as to be negligence *in se,* and to preclude the plaintiff from recovery, and it is the principle or standard applied in this class of cases upon which the defendant relies to sustain the nonsuit in this case. The defendant claims that a person who allows his body or limbs to be extended outside of the window of a railroad car, while in motion, does so at his peril, and if injured by reason thereof it is held in law to have contributed directly and immediately to the inflicting of such injury, and precludes all right of recovery. To sustain this proposition, he cites and relies upon the following authorities: *Todd* v. *Old Colony Railroad Co.*, 3 Allen, 18; 7 *id.*, 207;

*Pittsburg R. R. Co.* v. *McClurg*, 56 Penn. St., 294; *Indianapolis R. R. Co.* v. *Rutherford*, 29 Ind., 82; *Louisville R. R. Co.* v. *Sickings*, 5 Bush, 1; *Telfur* v. *Northern R. R. Co.*, 30 N. J. Law, 190; *The Pittsburg, &c., R. R. Co.* v. *Andrews*, 39 Mo., 329. On the other hand, the doctrine of these cases has been stoutly contested in *Spencer* v. *Milwaukee R. R. Co.*, 15 Wis., 509. See also *Chicago R. R. Co.* v. *Pondrom*, 61 Ill., 333. The former case is directly in point, and presents the opposing view ably and forcibly. But let it be conceded that the decided weight of judicial authority maintains that where a passenger projects his arm, elbow or head out of a car window, voluntarily, and without any qualifying circumstances impelling him to it, that it must be regarded as negligence *in se*, and when that is the state of the evidence it is the duty of the court to declare the act negligence in law, would the test of common observation and experience as applied by the court in such cases be applicable to the facts under consideration? It should be noticed in the cases cited that it is passengers or travelers who are not engaged in the performance of any special or particular service, whose act or conduct, judged in the light of common knowledge or experience, of which the courts take notice, is declared negligence in law. " Courts must take notice," says Mr. Justice Colt, " of that which is common knowledge and experience, and when the plaintiff's own case fails to disclose the exercise of ordinary care, as judged of in the light of such knowledge and experience, he shows no right of recovery. Ordinarily, however, it is to be settled as a question of fact, in each case as it arises, upon a consideration of all the circumstances disclosed, in connection with the ordinary conduct and motives of men, applying as the measure of ordinary care the rule that it must be such care as men of common prudence

usually exercise in positions of like exposure and danger.
When the circumstances under which the plaintiff acts are
complicated, and the general knowledge and experience of
men do not at once condemn his conduct as careless, it is
plainly to be submitted to the jury. What is ordinary care
in such cases, even though the facts are undisputed, is pe-
culiarly a question of fact to be determined by the jury,
under proper instructions. It is the judgment and experi-
ence of the jury, and not the judge, which is to be appealed
to." (*Gaynor* v. *Old Colony & Newport R. R. Co.*, 100
Mass., 210.) It is only where the admitted or uncontroverted
facts show a case within the general knowledge and experi-
ence of men, which at once condemns the act as careless,
that it is the duty of the court to declare the act neg-
ligence in law. When the facts, though undisputed, dis-
close a case not within the common observation and ex-
perience of men, they are plainly to be submitted to the
jury, under proper instructions. In *Stone* v. *Housatonic
R. R. Co.*, 8 Allen, 448, the court say: "Generally, where
the admitted or uncontroverted facts of a case show that the
acts and conduct of a plaintiff at the time of an alleged in-
jury, and contributing to produce it, are such as to indicate,
according to the common experience and observation of
mankind, a want of due and reasonable care adapted to the
circumstances in which he is placed, he does not show any
legal cause of action, and it is the duty of the court on such
a state of the proof, to direct a verdict for the defendant.
Of this character are all the cases heretofore decided in this
court where such a course has been pursued." Here the
court cites several authorities illustrative of this principle
and which are identical in character with those cited and
relied upon by the defendant in this action. Continuing,
the court says: "But the case at bar falls within a differ-

ent category. The plaintiff, when the accident occurred, was in the performance of a duty, or service, which required him to step between the cars and the engine of a train for the purpose of uncoupling them by drawing the bolt which held them together. * * * A case of this sort is not within the common observation and experience, and cannot be judged by the ordinary rule or standard applicable to persons who are only passengers or travelers who are engaged in no special or particular service. * * * But as the plaintiff was in the discharge of his duty in placing himself in a perilous position—a duty the performance of which was known to and sanctioned by the defendant—the fact that he was in such position has no tendency to prove that he was negligent or careless. The question of due care in such case depends on the manner in which he performed the duty incumbent on him—whether he acted with due care and caution, and conducted himself in the usual and ordinary way in which similar acts are done by persons engaged in like employment, and on other considerations of like character which do not fall within the range of ordinary observation and experience. The question of negligence was therefore a proper subject of evidence, and should have been submitted, with proper instructions to the jury, for their determination."

So, too, the case before us is not that of a passenger or traveler, but of an employee of the defendant, injured in doing an act which he claims by his evidence was required of him by the duties of his service, and the particular circumstances of his situation at the time, and in respect to which he introduced some evidence tending to show it was usual and ordinary for persons to do in like employment in the performance of their duties. His evidence is that at the time of the injury the train was running on a curve,

that he heard a noise of such a character as led him to suppose that something had gone wrong with the train, and to discover what was the matter, he did what was usual to do under such circumstances, looked out of the car window, as it was less perilous to make an observation of the movement of the train from that position than the platform of the car. The facts of his case are admitted, and concede to him every just right or inference fairly deducible from them; and as Mr. Justice Cooley says: "He had a right to ask the jury to believe the case as he presented it, and, however improbable some portions of his testimony may appear to us, we cannot say that the jury might not have given it full credence. It is for them, and not for us, to compare and weigh the evidence."

It seems to us, then, if he thought from the peculiarity of the noise he heard, that there was some difficulty with, or imminent danger to the train, and it was in the line of his duty to ascertain that fact, and to act as the necessity of the occasion and the duties of his service required, the question whether he exercised ordinary care depends on the manner in which he discharged that duty; whether he acted with proper care and caution and conducted himself under the circumstances in the usual way similar acts are done by persons in like employment; but considerations of this character, growing out of the duties of a particular employment, do not fall within the range of common observation and experience, and are better addressed to the judgment and experience of a jury. Twelve men, drawn from the body of the community, comprising men of various occupations and grades of intelligence, better secures that average judgment which it is the aim of the law to obtain, and which the law assumes, better understand the ordinary affairs of life, and can draw wiser and safer conclusions from admitted facts

thus occurring than can one man, or a single judge. (*Railroad Co.* v. *Stout*, 17 Wallace, 657.) "They are always competent to take into consideration the hazardous nature of the work in which brakemen are employed, their means of knowledge, what they are reasonably required to know, in the nature of their calling, the thought and reflection demanded or expected of such persons, their just expectation that the company will exercise due care and prudence in protecting them against injury, and to give due weight to those instincts which naturally lead men to avoid injury and preserve their lives." (*Greenleaf* v. *Illinois R. R. Co.*, 29 Iowa, 36.)

We do not mean to assert that a railroad employee receiving an injury when voluntarily acting without the scope of his employment, and doing that not required by the circumstances of his situation, or of his employment—an act clearly and manifestly dangerous, and such as the general knowledge and experience of men would at once condemn as careless, or negligent, but what the court would be authorized to pronounce such act, as matter of law, negligence *per se*. When the standard of duty is fixed, when the measure of duty is defined by law, and is the same under all circumstances, its omission is negligence, and may be so declared by the court, and likewise, when there is such a manifest disregard of duty and safety as amounts to misconduct. (*West Chester* v. *R. R. Co.*, 67 Pa. St., 315; *McCully* v. *Clark*, 40 Pa. St., 399.) So, too, it is said when there is no controversy about the facts, and from them it clearly appears what course a person of ordinary prudence would pursue under the circumstances, the question of negligence is purely one of law, (*Fernandez* v. *Sac. R. R. Co.*, 52 Cal., 50;) but whether the facts be disputed or undisputed, if different minds might honestly draw different

conclusions from them, the case must go to the jury. (*Detroit & W. R. R. Co.* v. *Van Steinberger*, 17 Mich., 112.) The cases where the court withdraws the question from the jury, are comparatively rare, and are generally those which shock the mind as thoroughly inconsistent with ordinary care. Hence the question of negligence is usually one of fact for the jury. (2 Stark. Ev., 973.)

As a general rule, Mr. Justice Cooley says, it cannot be doubted that the question of negligence is a question of fact and not of law, and cites numerous authorities in support of the rule. (*Detroit, &c., R. Co.* v. *Steinberger, supra.*) In the case of *Ireland* v. *Oswego R. Co.*, 13 N. Y., 533, Mr. Justice Johnson says: "The fact of negligence is very seldom established by such direct and positive evidence that it can be taken from the consideration of the jury and pronounced upon as matter of law. On the contrary, it is almost always to be deduced, as an inference of fact, from several facts and circumstances disclosed by the testimony, after their connection and relation to the matter in issue have been traced, and their force and weight considered. In such cases the inference cannot be made without the intervention of a jury, although all the witnesses agree in their statements, or there be but one statement which is consistent throughout. Presumptions of fact from their nature, are not strictly objects of legal science, like presumptions of law. That the care exercised by the plaintiff at the time of the injury and the negligence of the defendant were both questions for the jury to determine, cannot admit of any doubt. (*Oldfield* v. *N. Y. & H. R. R.*, 14 N. Y., 310; *Ernst* v. *Hudson R. R.*, 35 N. Y., 38.) Nor is the refusal of the judge to take the case from the jury to be construed as an indication that in his judgment it is the duty of the jury to find a verdict for the plaintiff.

He should submit it to the jury if there is any evidence to justify a finding, although, in his opinion, its preponderance should be against the plaintiff. (*Gaynor* v. *Old Colony & N. R. R. Co.*, 100 Mass., 212.) Whether it is usual for brakemen to look out of the car window in the course of their employment, to note the movement of the train, or whether the duty of doing so originated in the circumstances of his situation, as connected with his employment, and whether, in the performance of it, he exercised proper care and caution and conducted himself in the usual way under the circumstances, these, and other considerations of like character, not falling within the range of common observation and experience, seem to us to be more properly addressed to the sound sense and temperate discretion of the jury under proper instructions from the court. In cases of this sort, where the facts, though admitted, are debatable, and necessarily create doubt and hesitation, it is safer for the interest of the parties and more consistent with the ground upon which the right of trial by jury rests, to submit them to the jury to resolve such doubts, than the court to dispose of them upon its own responsibility.

The judgment is reversed and a new trial ordered.