Argued October 27, 1969, affirmed March 11, 1970

PETERSON, *Appellant, v.* CULP, *Respondent.*

465 P. 2d 876

*Wendell Gronso,* Burns, argued the cause for appellant. On the brief were Cramer & Gronso, Burns.

*Walter Cosgrave,* Portland, argued the cause for respondent. On the brief were Maguire, Kester & Cosgrave, and Austin W. Crowe, Jr., Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

PERRY, C. J.

The plaintiff brought this action to recover dam-

---

* Goodwin, J., resigned December 19, 1969.

ages for personal injuries suffered in a two vehicle collision on a bridge in Gilliam county, Oregon.

The jury returned a verdict for the defendant and the plaintiff appeals.

Defendant alleged in his answer that the plaintiff was guilty of contributory negligence. The trial court correctly instructed on contributory negligence. Plaintiff took an exception to the instruction on contributory negligence and requested an instruction on comparative negligence, which the trial court refused to give.

Plaintiff states two assignments of error, both of which are based on the plaintiff's contention that this court should abolish the common-law rules of contributory negligence and adopt a more just rule—comparative negligence.

Plaintiff argues that a person should be responsible to another person to the extent that he has caused the injury and that it is unfair and inequitable that the injured person should bear all the loss simply because his own negligence proximately contributed to the cause of his injury.

It is at once apparent that the issue is one of public policy and that the arguments made pro and con by the parties should be made to the legislature instead of to this court.

In *Walsh v. Oregon Ry & Navigation Co.*, 10 Or 250 (1882), it was first recognized by this court that the law of Oregon included the doctrine of contributory negligence. Since that date the defense of contributory negligence has been followed except where the legislature has by statute deemed it advisable for policy reasons to limit that defense. Specific instances

are: Employers' Liability Law, ORS 654.335; Noncomplying employer under Workmen's Compensation Law, ORS 656.020; Intrastate Railroad Employees, ORS 764.220.

It then would appear that the legislature, which by the constitution of this state is entrusted with the power to change the laws, was fully cognizant of the general law permitting the defense of contributory negligence. Therefore, we must assume that the legislature observed no policy reason to change this defense in all negligence cases.

So far as our study discloses, no court has adopted such a far-reaching change in the law of a state as the abolishing of the defense of contributory negligence. The Supreme Court of Illinois had this issue before it in 1968 and determined that the adoption of a comparative negligence doctrine was a function of the legislature and not the courts. *Maki v. Frelk,* 40 Ill2d 193, 239 NE2d 445.

All existing statutes on comparative negligence are drawn to avoid what may be considered a harsh result under the now permitted defense of contributory negligence and provide that the contributory negligence of a person seeking affirmative relief will not always totally defeat recovery. There is not at the present time, however, a uniformity among the states adopting the theory of comparative negligence as to the percentage or degree of contributory negligence on the part of the plaintiff (or defendant under a cross complaint) which will bar recovery.

In Wisconsin and Arkansas, based on an assumption that either party may be 100 per cent negligent, the rule is that a plaintiff may only recover if his negligence is found to be some percentage less than

50 percent. *Walton v. Tull,* 234 Ark 882, 356 SW2d 20; Wisconsin Jury Instructions Civil No. 1575.

In Mississippi, the statute (Miss Code Ann § 1454, Supp 1966) often referred to as a "pure" comparative negligence statute, no percentage of causal negligence on the part of the plaintiff, even gross or wilfull, bars recovery unless it is the sole cause of the accident. *Stewart v. Kroger Grocery Co.,* 198 Miss 371, 21 So2d 912.

While the Mississippi statute has been criticized, it would appear that the functional result has been good. "A case against a Mississippi Type Comparative Negligence Statute," Memorandum of the Defense Research Institute, May 1969.

In Nebraska and South Dakota (Neb Rev Stat Ch 25, § 1151, Supp 1964, SDCL 1967 § 20-9-2), if the causal negligence of plaintiff was slight and that of the defendant gross in comparison, a recovery is permitted.

It would appear that the state of Maine has by statute adopted a position somewhere between that of Mississippi and Wisconsin. Me Rev Stat Ann Ch 14, § 156, Supp 1968.

Therefore, we conclude that the type of comparative negligence laws best suited to the needs of the people of this state should be enacted by the legislature.

The judgment of the trial court is affirmed.

DENECKE, J., specially concurring.

I concur in the decision of the majority. I do not, however, concur in the suggestion that because the issue is one of public policy any change is exclusively

within the power of the legislature. Contributory negligence is court-made law and the court can consistent with the doctrine of the separation of powers lawfully change the law in this regard. We repudiated the doctrine of charitable immunity (which also was court-made law); we are as free to repudiate the doctrine of contributory negligence if we deem it desirable for the court to do so. However, I agree with the majority that in this instance legislative change is preferable. If the legislature is inactive on this subject I would favor re-examining the problem.

SLOAN and O'CONNELL, JJ., join in this specially concurring opinion.