Dorothy A. KRISE, for the Use and Benefit of herself and James KRISE, David Allen Krise, and Thomas Krise, Minors, and as executrix of the estate of Philip Krise, Plaintiff and Respondent,

v.

Elvern GILLUND, Defendant and Appellant.

Civ. No. 8657.

Supreme Court of North Dakota.

Feb. 26, 1971.

McIntee, Whisenand & Calton, Williston, for plaintiff and respondent.

Ray H. Walton, Williston, for defendant and appellant.

STRUTZ, Chief Justice, on reassignment.

This action arose out of a head-on collision of motor vehicles in which the driver of one, the plaintiff's decedent, was fatally injured. The plaintiff, as surviving wife, brings this action under the provisions of Section 32–21–03, North Dakota Century Code, for herself and for the minor children of the parties, to recover damages for her husband's death.

The case was tried to the court without a jury. The parties agreed in open court that, in accordance with Rule 42(b) of the North Dakota Rules of Civil Procedure, a separate trial should be had on the issue of liability. The court, after hearing, made and filed its findings of fact and conclusions of law, and ordered judgment for the plaintiff. The court found that the action involves severable issues, namely, the issue of liability and the issue of damages; that these issues could be adjudicated as partial claims; and that there was no just reason for delay in hearing the evidence and in making a determination on the issue of liability.

The trial court found from the evidence submitted that both of the drivers were negligent, and that the negligence of each contributed to the happening of the accident. In fact, the trial court found that the negligence of each was equal in degree, and that the respective acts of negligence of the plaintiff's decedent and the defendant were the proximate causes of the collision and the damages resulting therefrom. The court concluded, however, that although the negligence of the plaintiff's decedent was equal to the negligence of the defendant, by reason of his negligence the defendant is liable to the extent of one-half of the damages sustained by the plaintiff as the result of such collision, and that the damages sustained by the plaintiff are diminished by one-half pursuant to Section 9–10–06, North Dakota Century Code.

From the judgment entered so determining liability, the defendant appeals to this court, specifically appealing from that part of the judgment which decrees the defendant liable to the extent of one-half of the damages sustained by the plaintiff in spite of the finding by the court of negligence on the part of both the plaintiff's decedent and the defendant. The defendant served with his notice of appeal specifications of error in which he states that the verdict is contrary to the evidence and to the law, and that the evidence is insufficient to support the verdict in that it shows—and the court specifically found—that the plaintiff's decedent was negligent and that such negligence was a proximate cause of the collision and the resulting damages; and that the court further erred in concluding that the plaintiff, as a matter of law, was entitled to one-half of the damages suffered, under the provisions of Section 9–10–06, North Dakota Century Code.

Where trial de novo has not been demanded on appeal from a judgment in a case tried to the court, review of the Supreme Court is limited to errors specified by the appellant. Pope v. Popow, 133 N. W.2d 433 (N.D.1965). On such appeal, we review the evidence in the light most favorable to the decision of the trial court, and its findings will not be disturbed unless they clearly are against the preponderance of the evidence. Campbell v. Beaton, 117 N.W.2d 849 (N.D.1962).

The evidence discloses that the plaintiff's decedent was traveling in a westerly direction on a township road and that the defendant was traveling on the same road in the opposite, or in an easterly direction; that the road had three lanes of travel, so that operators of automobiles traveling in opposite directions normally used the outer, or right, lane for the right wheels of their vehicles and that the left wheels of the respective cars would travel in the center lane, each thus using the same lane of travel for the left wheels of

their cars; that as the plaintiff's decedent and the defendant were traveling on said highway at the time and place mentioned in the complaint, they approached the crest of a hill in the road from opposite directions and they were using the same center lane of travel for their respective left wheels; and that while so driving their vehicles they met at the top of the hill and collided, causing the damages complained of by the plaintiff.

From the evidence so submitted, we find that the trial court correctly found that the drivers of both vehicles were negligent in an equal degree in the operation of their automobiles, and that the negligence of each was a proximate cause of the collision.

The only remaining issue to be determined on this appeal is whether Section 9–10–06, North Dakota Century Code, permits the court, in a case where both parties are at fault, to apportion damages between them according to the degree of their liability. In other words, does the above section of our law permit the application of the doctrine of comparative negligence?

Section 9–10–06 of the North Dakota Century Code provides:

"Every one is responsible not only for the result of his willful acts but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter, willfully or by want of ordinary care, has brought the injury upon himself. The extent of the liability in such cases is defined by sections 32–03–01 to 32–03–19, inclusive."

This court, in an early case, held that the above law does not abrogate the common-law rule as to contributory negligence. Bostwick v. Minneapolis & P. Ry. Co., 2 N.D. 440, 51 N.W. 781 (1892). The plaintiff concedes that this was the holding in *Bostwick,* but strenuously contends that that case can be distinguished from the case at bar. She asserts that *Bostwick* ac-

tually dealt with a situation which involved the doctrine of last clear chance, rather than contributory negligence, and that this court therefore never has had before it the question of the effect of the provisions of Section 9–10–06, and particularly the words "so far as," as used in that section.

■ The argument of counsel for the plaintiff is interesting. However, Section 9–10–06 has been in effect in this State since prior to statehood. See Sec. 979 of Rev.Code of Dakota for 1877. The only case in which contributory negligence was pleaded as a defense in which the provisions of Section 9–10–06 were considered was *Bostwick.* Many cases involving damages suffered in automobile collisions have been before this court since *Bostwick,* and we have held repeatedly that contributory negligence is a complete bar to recovery for collision damages alleged to have been caused by another's negligence. Billingsley v. McCormick Transfer Co., 58 N.D. 913, 228 N.W. 424 (1929); Bagan v. Bitterman, 65 N.D. 423, 259 N.W. 266 (1935); Lostegaard v. Bauer, 78 N.D. 711, 51 N.W.2d 761 (1952); Pachl v. Officer, 79 N.D. 143, 54 N.W.2d 883 (1952); Spielman v. Weber, 118 N.W.2d 727 (N.D.1962).

The same rule has been applied in negligence cases which did not involve injuries arising from automobile collisions. Chicago, Milwaukee, St. P. & P. R. Co. v. Johnston's Fuel Liners, 122 N.W.2d 140 (N.D. 1963).

■ The plaintiff asserts, however, that even if contributory negligence heretofore has been considered a bar to recovery of damages for negligence, it is an outmoded and unjust doctrine and no longer should be followed. The basis for plaintiff's contention that the rule of comparative negligence should be adopted in this State is Section 9–10–06, North Dakota Century Code. As pointed out above, its provisions have been a part of our law since before statehood and remain unchanged today. As early as 1892, this court held that the provisions of this section do not abrogate

the common-law rule on contributory negligence. Whether that interpretation was right or whether it was wrong, it has not been challenged until the present time. Where a statute has been in existence for a long time, it will be presumed that the Legislature, at all times, has been aware of the meaning attached to the language of the law by the courts. Eddy v. Krekow, 64 N.D. 220, 209 N.W. 225 (1926); Monson v. Nelson, 145 N.W.2d 892 (N.D.1966).

There has been a good deal of discussion among legal writers and professors in recent years, urging the adoption, either by legislative or by judicial action, of the comparative-negligence rule, which would provide for an apportionment of damages on the basis of degree of fault. This, say the writers and professors of law, would put us on the path to judgments in damage actions based upon reason and logic, under which a plaintiff's recovery would be diminished but not entirely defeated by his contributory negligence.

Several States have adopted comparative-negligence rules by statute, but the rules which have been adopted vary in their application of the comparative-negligence principle. In Wisconsin, the rule is stated as follows:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering." 39 W.S.A., Ch. 331, Sec. 331.045.

The Mississippi rule reads:

"In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property." 2 Miss.C.A. (1942), Sec. 1454.

A somewhat different rule has been adopted in Nebraska:

"In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury." Neb. Rev.Stat., Sec. 25–1151.

Almost identical in effect to the Nebraska rule is South Dakota's:

"In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant, but in such case, the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence." Sec. 20–9–2, SDCL 1967.

Other States have adopted a comparative-negligence rule of some kind. In Georgia, the rule is stated:

"If the plaintiff by ordinary care could have avoided the consequences to

himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injuries sustained." Ga.C.A. (1935), Sec. 105–603.

Thus it will be seen that in the several States there are differing theories of comparative negligence, and the rule is not the same in all States which have adopted a statute on this subject.

■ Our Constitution, Section 25, specifically vests the legislative power of the State in the Legislature, subject to the reservation of such power to the people. However, changes in the law have not always been made solely by the legislative process. The law must adapt itself to changing times and conditions, and many changes in the law have been brought about by the courts without a change in the law by legislative enactment. One of the best examples of such change is in the field of products liability. But where the change is of such far-reaching effect as the adoption of a comparative-negligence rule which would take the place of the rule of contributory negligence which has been followed in North Dakota since before statehood, we believe that it would be desirable that such change should be made by the Legislative Assembly, and not by the courts.

In the matter of comparative negligence, several attempts have been made in past years to adopt a comparative-negligence rule, and such attempts have been defeated in the Legislature.

Another reason that such a far-reaching change should be made by the Legislature, and not by the courts, is found in the great variance in the application of the comparative-negligence theory in those States in which a rule has been adopted. Under most of the comparative-negligence rules which have been adopted, the plaintiff in the case before us—where it appears that the drivers of both vehicles were equally at fault—would be barred from recovery. Wisconsin's comparative-negligence rule provides for recovery by a plaintiff, in spite of his own negligence, "if such negligence was not as great as the negligence of the person against whom recovery is sought."

The comparative-negligence rules adopted in Nebraska and in South Dakota clearly would bar the plaintiff's recovery in this case, because the negligence of the plaintiff's decedent was not slight, but was equal to that of the defendant. Only under the Mississippi rule, of those considered above, could the plaintiff recover in this action.

We believe that the abandonment by the courts of a long-standing rule, which would result in the adoption of any one of a, number of interpretations of the comparative-negligence rule, is a change of such magnitude that it should be made by legislative, rather than by judicial, action. As was said by the Illinois Supreme Court when it faced the identical question which faces us in this case:

" * * * such a far-reaching change, if desirable, should be made by the legislature rather than by the court. The General Assembly is the department of government to which the constitution has entrusted the power of changing the laws." Maki v. Frelk, 40 Ill.2d 193, 239 N.E.2d 445 (1968).

For reasons stated in this opinion, the judgment of the district court is reversed and the complaint of the plaintiff is ordered dismissed.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.