601 P.2d 1203

COMMERCIAL UNION ASSURANCE
COMPANIES, a corporation,
Plaintiff-Appellee,

v.

WESTERN FARM BUREAU INSUR-
ANCE COMPANIES, a corporation,
Defendant-Appellant.

No. 12431.

Supreme Court of New Mexico.

Nov. 1, 1979.

Modrall, Sperling, Roehl, Harris & Sisk,
Ruth M. Schifani, Albuquerque, for defend-
ant-appellant.

Montgomery, Andrews & Hannahs,
Frank Andrews, Jeffrey R. Brannen, Santa
Fe, for plaintiff-appellee.

OPINION

SOSA, Chief Justice.

The issue we decide in this case is wheth-
er the language "pro rata share" as used in
the Uniform Contribution Among Tort-
feasors Act, § 41–3–2, et seq., N.M.S.A.1978,

means "equal shares" or "proportionate shares" when applied to the right of contribution between tenants in common. We construe it to mean "equal shares."

This case arose out of a wrongful death action filed in Rio Arriba County. The basis of the suit was an allegation that four defendants, two of whom were insured by Commercial Union Assurance Companies (Commercial Union) and two of whom were insured by Western Farm Bureau Insurance Companies (Western Farm), negligently and proximately caused the death of one Esquibel, a minor. The accident causing Esquibel's death allegedly occurred when he fell into a well and drowned on property insured by Commercial Union and Western Farm. The negligence suit was settled. In settling the case, however, the two insurers disagreed on the amount to be contributed on behalf of their insureds towards settlement. The two companies sought a declaratory judgment adjudicating the rights and liabilities between them. Summary judgment was granted for Commercial Union. Western Farm Appeals.

Western Farm's position below and on appeal is that their liability is proportionate to their insureds' interest in the property. Western Farm's insureds own a twenty percent total interest in the property as tenants in common. Commercial Union's insureds own an eighty percent total interest in the property. Commercial Union argues that each insurance company owes fifty percent of the settlement amount, because each insured must contribute an equal amount regardless of the proportion of ownership.

█ It is well established that ours is a jurisdiction which adheres to the doctrine of contributory negligence as a bar to recovery in a tort action. *Syroid v. Albuquerque Gravel Products Co.*, 86 N.M. 235, 522 P.2d 570 (1974). This is based on the perception that justice is best served by not comparing degrees of negligence or fault. *Id.* While the instant case involves the relationship between defendants *inter se* rather than between defendants and plaintiffs, the same principle applies.

█ Professor Prosser states that "[n]ormally the apportionment of liability effected by contribution is on the basis that 'equality is equity,' which means that each tortfeasor is required ultimately to pay his pro rata share, arrived at by dividing the damages by the number of tortfeasors." Prosser, *Law of Torts*, § 50 at 310 (4th ed. 1971). We follow this rule. The duty owed by each owner of the property is the same, and the tortfeasors stand in the same relationship to one another. They are all equally liable for a breach of their duty.

█ We hold that "pro rata share" as used in § 41–3–2 of the Uniform Contribution Among Tortfeasors Act means "equal shares" when applied to the right of contribution between tenants in common.

The decision of the trial court is hereby affirmed.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.