BAAB, EXRX., APPELLANT, *v.* SHOCKLING, APPELLEE.

[Cite as Baab v. Shockling (1980), 61 Ohio St. 2d   55.]

(No. 79-270—Decided January 16, 1980.)

Messrs. *Berry, Owens & Manning,* Mr. *Michael Manning* and Mr. *William M. Owens,* for appellant.

Messrs. *Day, Ketterer, Raley, Wright & Rybolt,* Mr. *Louis A. Boettler* and Mr. *Dennis M. Pilawa,* for appellee.

*Per Curiam.*   Appellant raises two propositions of law. The first proposition asserts that the trial court erred by not directing the verdict for plaintiff on the basis that the defendant acted with wanton misconduct in the operation of his vehicle.

Civ. R. 50 (A) (4) provides the test for a directed verdict. The rule states:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Thus, where there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. *Kellerman* v. *J. S. Durig Co.* (1964), 176 Ohio St. 320; *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114.

Wanton misconduct was recently considered by this court in *Hawkins* v. *Ivy, supra.* The syllabus of that opinion states:

"Where the driver of an automobile fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result, such failure constitutes wanton misconduct."

Construing the evidence adduced at trial most strongly in defendant's favor, we find that the trial court correctly denied plaintiff's request for a directed verdict. If the defendant's vehicle blocked only a minor portion of the righthand lane of the interstate, as certain testimony indicated, reasonable minds might well conclude that the probability of resulting harm was not great. More significantly, the defendant's use of the left turn signal on the car and trailer, in combination with his call and gesture to the approaching pedestrians, evidences the exercise of some care for the decedent's benefit. Indeed, the jury in this cause so found, based

upon its answers to submitted interrogatories.* Accordingly, we find appellant's contention without merit.

In her second proposition of law, appellant asks this court to adopt a rule of comparative negligence. There is no dispute that the law in this state currently does not recognize comparative negligence in a matter such as this. *Betras* v. *McKelvey Co.* (1947), 148 Ohio St. 523.

This court does not deem it necessary at this time to discuss the positive and negative aspects of the doctrine of comparative negligence, as it is our considered opinion that such a change in this area of the law should emanate from the General Assembly. In so deferring to legislative judgment, we find that we are not alone. See, *e.g., Bissen* v. *Fujii* (1970), 51 Haw. 636, 466 P. 2d 429; *Vincent* v. *Pabst Brewing Co.* (1970), 47 Wis. 2d 120, 177 N.W. 2d 513; *Maki* v. *Frelk* (1968), 40 Ill. 2d 193, 239 N.E. 2d 445; *Peterson* v. *Culp* (1970), 255 Ore. 269, 465 P. 2d 876; *McGraw* v. *Corrin* (Del. 1973), 303 A. 2d 641; *Krise* v. *Gillund* (N.D. 1971), 184 N.W. 2d 405.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, C. J., and HOLMES, J., concur in the judgment.

---

* Without deciding the issue, we note that the facts concerning the care exercised by the defendant might well have been sufficient to support a directed verdict in defendant's favor.