426 P.2d 229

Robert Kingsley WELLS, Plaintiff and Appellant,

v.

The DENVER & RIO GRANDE WESTERN RAILROAD COMPANY, a corporation, Defendant and Respondent.

No. 10605.

Supreme Court of Utah.

April 11, 1967.

Rawlings, Wallace, Roberts & Black, John L. Black, Salt Lake City, for appellant.

Grant Macfarlane, Jr., Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for respondent.

TUCKETT, Justice:

In this action the plaintiff is seeking to recover for personal injuries suffered by him in a collision between an automobile in which he was riding as a passenger and the defendant's engine. At the close of plaintiff's testimony the court directed a verdict in favor of the defendant. The plaintiff is here seeking a reversal of the court's order and for a new trial.

The collision out of which this action arose occurred at the defendant's crossing at 4th North Street in Salt Lake City at approximately midnight on January 15, 1964. The plaintiff was a passenger in an automobile being operated by Lorne O. Lawrence in a westerly direction. The train was traveling in a southerly direction, and it consisted of a switch engine, one car and a caboose.

The crossing in question consists of eight sets of tracks, and the track on which the collision occurred was No. 8, or the most westerly track at the crossing. The first seven tracks are generally parallel proceeding in a general north-south direction. The eighth set of tracks is the defendant's main-line approach to 4th North Street from the northwest. The grade of the crossing is generally level and the view of the driver of an automobile is unobstructed in either direction. At the time of the accident in question there were no warning lights, nor crossing gate, nor was there a crossing watchman. Between the No. 7 tracks and the No. 8 track there was a space of approximately 25 feet. Mr. Lawrence and the plaintiff were proceeding to their homes after work at the time of the accident. Mr. Lawrence was familiar with the crossing, having traveled over it for a number of years going to and from his place of employment.

On the night in question Lawrence drove to the railroad tracks, slowed his automobile, looked both ways, and then proceeded across the tracks at a slow, uniform rate of speed. He did not see any lights or hear the train whistle, and was in fact unaware of its approach until the collision. The plaintiff, who was riding in the seat next to the driver, had closed his eyes for the purpose of resting them and he did not see the train prior to the collision.

As the train approached from the north its headlight was burning, the bell was ringing and the whistle was sounded in a regular sequence commencing at a point approximately one block north of the crossing. The engineer's position in the locomotive made it impossible for him to see the approaching vehicle. The fireman, who was stationed on the left side of the locomotive, had a view to the east in the direction of the approaching automobile, and he shouted a warning to the engineer when the engine was "pretty near" to the crossing. The engineer applied the brakes but it was too late to stop the train before impact. A pedestrian who was crossing the tracks at a point north of the crossing where the collision occurred testified that he saw the light of the approaching train, that he heard the whistle, that he observed the automobile traveling across the tracks at a uniform rate of speed, and that the automobile did not slow or stop prior to the collision.

■. Based upon the evidence recited above, the court, at the conclusion of plain-

tiff's case, granted defendant's motion for a directed verdict. This court now has the duty of reviewing the evidence in a light most favorable to the plaintiff to determine whether or not the ruling of the court below was correct. In determining that matter we are obliged to determine whether or not the employees of the defendant were guilty of negligence.

It is the plaintiff's theory of liability that the fireman saw the automobile in which the plaintiff was a passenger as it approached the tracks on which the engine was being operated, that the said fireman knew, or in the exercise of ordinary care, should have known, that the driver of the automobile was unaware of the approach of the engine; and that the fireman failed and neglected to exercise ordinary care in taking measures to avoid the collision.

 The law is well settled that the operator of a motor vehicle in approaching a railroad crossing and before attempting to pass over it is required to look and listen for approaching trains and to exercise due care and vigilance in driving over the crossing, and that if he does not do so he is guilty of negligence. Where a traveler approaching a railroad crossing had a clear and unobstructed view of the track and could have seen an approaching train at a sufficient distance to have slowed or stopped his vehicle in order to avoid a collision, but failed and neglected to do so, he is clearly guilty of negligence.[1] In the case before us there is nothing in the record to indicate to the train crew that the driver of the automobile would not in fact stop before attempting to cross the track on which the train was being operated. The testimony of the operator of the automobile was to the effect that the automobile he was operating was in a new condition with good brakes, and in his own words, he could have "stopped on a dime." It does not appear that there was anything in the movement of the automobile which would indicate to the train crew that the operator of the vehicle was unaware of the presence of the train or its approach, or that the operator of the automobile would not in any event stop prior to entering the track in question. We are unable to find any material differences in this case and in the case of Gregory v. Denver & Rio Grande Western Railroad Company[2] which arose out of a collision between an automobile and a train at the same crossing and under similar conditions, except that in the Gregory case the collision occurred during the daylight hours.

We are of the opinion that the ruling of the trial court was correct and the same is affirmed. Costs to respondent.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

1. Pippy v. Oregon Short Line R. Co., 79 Utah 439, 11 P.2d 305.

2. 8 Utah 2d 114, 329 P.2d 407.