434 P.2d 756

**Gary MACSHARA, a minor, by his Guardian, Burt S. Macshara, Jr., Plaintiff and Appellant,**

v.

**Rulon Ray GARFIELD, Defendant and Respondent.**

**No. 10579.**

Supreme Court of Utah.

Dec. 1, 1967.

---

1. Hall v. Blackham, 18 Utah 2d 164, 417 P.2d 664, and cases cited therein.

Patterson, Foley, Phillips & Gridley, Ogden, for appellant.

David K. Watkiss, Salt Lake City, George B. Handy, Ogden, for respondent.

ELTON, District Judge.

This is a suit for injuries suffered by Gary Macshara, 17-year-old son of the plaintiff, arising out of an automobile collision at the intersection of Tyler Avenue and Sheridan Drive in Ogden, Utah, on the late afternoon of August 23, 1964. From an adverse verdict plaintiff appeals.

Defendant Rulon Garfield was traveling west on Sheridan Road approaching its intersection with Tyler Avenue, while Gary Macshara was driving south on Tyler Avenue. There are no traffic signs or signals at that intersection. The parties are in dispute as to who entered it first. The point of impact was placed about 18 feet south and about the same distance east of the north and west curb lines and thus in the northwest quadrant of the intersection.

Plaintiff argues that inasmuch as he was the driver approaching from the right, and thus should have been accorded the right of way, the jury was wrong in rejecting his complaint and that this resulted from errors committed by the trial court in these particulars: (1) in refusing to allow a traffic officer to in effect reconstruct the accident from his interpretation of the physical evidence; (2) in admitting certain testimony as to the plaintiff's speed preceding the impact; and (3) in refusing to give some of the plaintiff's requested instructions.

In directing our attention to the rulings on evidence we note first that the trial judge, as the authority in control of the proceeding, has some latitude of discretion in passing upon which evidence has sufficient credibility and probative value to be helpful in establishing the facts.[1] We think the trial court was correct in not allowing the officer to in effect reconstruct the accident and the speed and direction of the vehicles on the basis of such physical evidence as: gouge marks on the lawn and on the curbing, the damage to the automobiles, and the course he assumed they took after the impact. The disallowance of the evidence was in conformity with the rule that such an opinion is not admissible if a layman of ordinary intelligence can just as well interpret the evidence as the experts.[2] In this connection it should be observed that all of the complete evidence, including photographs taken of the vehicles, were before the jury. And further, that the trial court did allow the officer to give his observations as to the damage to the

---

1. Webb v. Olin Mathieson Chemical Corp., 9 Utah 2d 275, 342 P.2d 1094, 80 A.L.R. 2d 476.

2. Day v. Lorenzo Smith & Son, Inc., 17 Utah 2d 221, 408 P.2d 186.

vehicles and its causation, and to give his estimate of their speed based upon the skid marks.[3]

■■ Neither do we see any error which would transgress the reasonable latitude of discretion invested in the trial court in his allowance of testimony of witnesses who observed the plaintiff's speed at 35 to 45 miles per hour short distances, just seconds in time, before he got to the intersection. Plaintiff argues that this testimony was too remote as related to his speed on entering the intersection. This question, as to whether the observations so made were sufficiently close in time to have probative value as to his speed as he entered the intersection, and upon the basic issue as to his negligence, is a matter upon which the trial judge is necessarily required to make the initial determination; and the final determination as to its credibility and its effect upon determining the ultimate facts is for the jury.

■ The plaintiff argues that, because his evidence shows that he could not remember what happened, he was entitled to an instruction based on what is termed retrograde amnesia, that he is entitled to the presumption of due care.[4] For practical purposes this was the effect of instructions that were given, which clearly indicated that the burden of proving that the plaintiff was negligent was on the defendant. Under the facts here shown we do not find any prejudicial error in the failure to give this particular requested instruction.

■ The plaintiff also finds fault with the giving and omitting of other instructions as not being in conformity with his theory of the case, particularly with respect to immediate hazard and the yielding of right of way. Without going into detail, it is sufficient to say that it is not obligatory for the court to give instructions verbatim as requested by a party, it is sufficient that they cover the issues and the applicable principles of law in such a way that the jury will understand them. If the instructions are considered altogether as they should be they accomplish that purpose.

■ The plaintiff's final charge of error is that the trial court improperly permitted a witness to testify at the trial, whose name had not been disclosed at the pretrial. We are not persuaded that this was error, on the contrary, in all likelihood it would have been an abuse of discretion to refuse to allow such testimony.

Affirmed. Costs to defendant (respondent).

CROCKETT, C. J., and CALLISTER, TUCKETT, and HENRIOD, JJ., concur.

3. Alvarado v. Tucker, 2 Utah 2d 16, 268 P.2d 986.

4. See Ewan v. Butters, 16 Utah 2d 272, 399 P.2d 210.