488 P.2d 738

**Albert BRIDGES and Deleen Bridges, his wife, Plaintiffs and Appellants,**

**v.**

**UNION PACIFIC RAILROAD COMPANY, Defendant and Respondent.**

No. 12359.

Supreme Court of Utah.

Sept. 13, 1971.

282

Howard & Lewis, Jackson Howard, Provo, for plaintiffs-appellants.

Legal Department—Union Pacific Railroad Company, A. U. Miner, S. A. Goodsell, and J. C. Williams, Salt Lake City, for defendant-respondent.

CALLISTER, Chief Justice:

Plaintiffs appeal from a judgment of no cause of action, upon a directed verdict, in their wrongful death action. Plaintiffs' 19-year old son died from injuries sustained when the vehicle he was driving collided with the 15th car of defendant's train at a crossing in Utah County. The accident occurred on October 26, 1968, at approximately 11:45 p. m. at a point where a single track of defendant's crosses a county highway, known as 1600 North Street, west of

the city limits of Orem, Utah. On appeal, plaintiffs seek an order for a new trial.

At the close of the evidence, the trial court granted defendant's motion for a directed verdict. The court ruled that defendant was not negligent as a matter of law; but, even if defendant were negligent, the decedent was guilty of contributory negligence, which was the proximate cause of his death.

The appeal record does not include a transcript of the trial, although there is a brief record of a hearing wherein defendant's motion in limine was entertained by the trial court. At this hearing prior to trial, the court ruled concerning the admissibility of certain testimonial and documentary evidence. Plaintiffs predicated this negligence action on the theory that the railroad crossing was more than ordinarily hazardous, that defendant had knowledge thereof, and that defendant violated its duty of due care by its failure to install adequate signaling devices to warn the public of danger. At the hearing, plaintiffs made an offer of proof concerning the testimony of certain witnesses, who would testify that they had investigated the crossing and determined that it was unsafe and hazardous. The trial court ruled that the witnesses could testify as to the elements, such as the amount of traffic, the curvature or other conditions of the crossing, but the witnesses could not state their conclusion that the crossing was hazardous, since this would usurp the function of the jury. The court further ruled inadmissible an order from the Public Service Commission, granting Utah County permission, upon their application, to widen and improve the crossing at 1600 North and to install automatic electric crossing protection signals, and to remove the signals at 1350 North, which deadends against Interstate 15. On appeal plaintiffs assert that the trial court erred in its ruling as to the admissibility of this evidence.

■ To authorize a jury to find negligence on the part of the railroad in not taking additional precautions, there must be evidence to indicate that the crossing was more than ordinarily hazardous, i. e., there must be something in the configuration of the land, or in the construction of the railroad, or in the structures in the vicinity, or in the nature or amount of the travel on the highway, or in other conditions, which renders the warning employed at the crossings inadequate to warn the public of danger.[1]

■ In the instant action the trial court ruled that the witnesses could testify as to the foregoing elements from which the jury could infer whether the crossing was more than ordinarily hazardous. The

1. Gant v. Chicago & N. W. Ry. Co. (C.A. 8th 1970), 434 F.2d 1255, 1258; also see English v. Southern Pac. Co., 13 Utah 407, 420, 45 P. 47 (1896).

ruling of the trial court was in accordance with the principle that an opinion should not be admitted if it is based upon the same evidence as is available to the jury, and a layman of ordinary intelligence can interpret the evidence as well as the experts.[2]

■■ The transcript of the hearing does not include any argument or ruling in regard to the admissibility of the order of the Public Service Commission. Plaintiffs claim that defendant's objection that the order was incompetent, irrelevant, and immaterial was sustained by the trial court. Plaintiffs urge that the order would show that the existence of an extra-hazardous crossing was brought to the attention of the Public Service Commission, which ruled that additional warning devices must be installed at the crossing. Neither the application nor the findings of fact specify any of the elements to indicate an extra-hazardous crossing, nor was such opinion or conclusion stated. Under Rule 63 (15), U.R.E., a report or finding of a public official such as the order of the Public Service Commission is deemed admissible in evidence. However, the explanatory note states:

* * * It is not designed to permit the admission of a judgment or finding of fact of a court or administrative body for the purpose of proving the matters upon which such judgment or finding of fact were based. Too, this exception is not designed to admit opinions or conclusions of officials appearing in official reports, but only the admissions of statements of fact appearing therein.

The ruling of the trial court must be sustained.

Plaintiffs further urge that the trial court erred by its refusal to submit the issue of decedent's negligence to the jury under instructions on comparative negligence. Plaintiffs contend that now is a propitious time to abandon the rule of contributory negligence and establish by court rule the doctrine of comparative negligence, which plaintiffs deem a more enlightened and just approach.

The doctrine that the contributory negligence of a plaintiff operates as a complete bar to recovery is considered to have had its origin in the English case of Butterfield v. Forrester, 11 East 60, 103 English Reprint 926 (1809).[3]

This common law rule has been consistently followed in this jurisdiction,[4] and

---

2. Day v. Lorenzo Smith & Son, Inc., 17 Utah 2d 221, 223, 408 P.2d 186 (1965); Macshara v. Garfield, 20 Utah 2d 152, 154, 434 P.2d 756 (1967).

3. 57 Am.Jur.2d, Negligence, Sec. 289, p. 686, including footnote 11 therein.

4. See Rogers v. Rio Grande Western Ry. Co., 32 Utah 367, 371, 90 P. 1075 (1907); Wells v. Denver & Rio Grande Western R. Co., 19 Utah 2d 89, 91, 426 P.2d 229 (1967).

specifically held a defense in a wrongful death action.[5]

Section 68–3–1, U.C.A.1953, which has been in effect since 1898, R.S.1898 & C. 107, Sec. 2488, provides:

> The common law of England so far as it is not repugnant to, or in conflict with, the Constitution or laws of the United States, or the Constitution or laws of this state, and so far only as it is consistent with and adapted to the natural and physical conditions of this state and the necessities of the people hereof, is hereby adopted, and shall be the rule of decision in all courts of this state.

The common law doctrine of contributory negligence has long been the rule of decision in the courts of this state, and through the adherence of the courts to this ruling and the provisions of Section 68–3–1, U.C.A.1953, it has attained a status similar to a statutory enactment. The legislative power of this state is vested in the legislature, Art. VI, Sec. 1, Constitution of Utah, and abrogation of the common-law doctrine of contributory negligence should be by legislative enactment.[6]

The judgment of the trial court is affirmed. Costs are awarded to defendant.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

5. Van Wagoner v. Union Pacific R. Co., 112 Utah 189, 209, 186 P.2d 293 (1947).

6. Maki v. Frelk, 40 Ill.2d 193, 239 N.E.2d 445 (1968); 57 Am.Jur.2d, Negligence, Sec. 428, p. 849.