Dennis Ray EDWARDS, a Minor, by and through his Guardian ad Litem, Edward Edwards, Plaintiff and Appellant,

v.

Ann Beard DIDERICKSEN, Defendant and Respondent.

No. 15780.

Supreme Court of Utah.

June 27, 1979.

Reed M. Richards and Maurice Richards of Richard, Caine & Richards, Ogden, for plaintiff and appellant.

D. Gary Christian and James R. Blakesley of Kipp & Christian, Salt Lake City, for defendant and respondent.

STEWART, Justice:

Plaintiff brings this appeal from a jury verdict finding that the defendant was not negligent in connection with a two car automobile collision which caused injury to the plaintiff, who was a guest in the car driven by his brother. The evidence as to liability was in conflict, and especially as to the cause of the collision. However, plaintiff does not claim that the evidence is insufficient to sustain the verdict. Plaintiff's only claim of error is that the trial court erred in an evidentiary ruling which plaintiff contends was critical. Specifically, plaintiff asserts that:

> The trial court's failure to allow into the evidence the opinion of the investigating officer as to the cause of the accident was an abuse of discretion and prejudicial error.

The officer who investigated the accident had worked with the Highway Patrol since 1974. He had received training in accident investigation at a police academy, at Weber State College, and in a one-week course in advanced accident investigation. At trial he testified to what he saw and did in the course of his investigation. He testified, *inter alia*, to the length and location of the skid marks, the speed of the automobiles, the point of impact, the direction travelled by the automobiles, and various other facts and inferences. Pictures of the scene of the accident and of the vehicles were also admitted into evidence. At the conclusion of

the investigating officer's direct examination, the following took place:

> Q. [By plaintiff's attorney] . . .
>    From the information that you have, your independent investigation, talking with the witnesses, observing the situation, have you reached an opinion, have you formed an opinion as to what the cause of this accident was?
>
> A. Yes.
>
> Q. And would you give us that opinion?
> MR. CHRISTIAN: I object to that, your Honor.
> THE COURT: Sustained.

The plaintiff argues that the officer's opinion was erroneously excluded. Plaintiff contends that the opinion should have been allowed pursuant to Rule 56 of the Utah Rules of Evidence and pursuant to several Utah cases.

Rule 56 in pertinent part provides as follows:

\* \* \* \* \* \*

(2) If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (a) based on facts or data perceived by or personally known or made known to the witness at the hearing and (b) within the scope of the special knowledge, skill, experience or training possessed by the witness.

\* \* \* \* \* \*

(4) Testimony in the form of opinions or inferences otherwise admissible under these rules is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact.

Rule 56 expressly provides that the opinion of an expert is admissible, even though it "embraces the ultimate issues." This rule comports with common sense and is designed to assist the jury in deciding difficult issues of fact. It makes little sense to permit an expert to testify to the underlying facts of a situation and to certain intermediate type inferences which can reasonably be drawn from those facts and then prevent the expert from informing the jury what the mass of detail previously testified

to ultimately means. The opinion rule should facilitate jury understanding, not frustrate it. To leave an expert's ultimate conclusion undisclosed is to require the jury to speculate as to what conclusion or conclusions the technical facts logically support. A rule precluding opinions on ultimate issues also deprives the jury of an expert's evaluation as to the degree of certainty that ought to be accorded such conclusions, assuming the jury correctly ascertains what the expert's conclusion is, without its being stated. Moreover, it is highly likely that the jury may not be made aware of the qualifications to which the conclusion ought to be subject if the conclusion is not made explicit and cross-examination founded directly on the conclusion. In short, exclusion of an opinion as to an ultimate issue invites misunderstanding, confusion in the jurors' minds that may not be detectable or correctable, and even possible error, and not infrequently as to critical points.

On the other hand, by allowing the testimony, the jury is directly informed of what the basic facts and intermediate inferences add up to. The jury is not required to speculate in an area in which it is not as knowledgeable as the expert. The necessary qualifications that should be imposed on the opinion, its potential limitations, and the degree of probability the opinion warrants, can be explained by the expert to the jury. Indeed these matters can only be fully and effectively explored on direct and cross-examination if the opinion is directly stated. Accurate fact finding is enhanced by such a process, and unnecessary and improper jury speculation is avoided. The old shibboleth that an expert should not be permitted to invade the province of the jury has been largely displaced by recognition that opinions, if based on an adequate foundation, are helpful and that the powerful tool of cross-examination and the jury's good judgment are sufficient to place the opinion in proper perspective.

▮ Three cases decided by this Court prior to the promulgation of Rule 56 embody the basic principles laid down in that rule. *Stagmeyer v. Leatham Bros., Inc.*, 20 Utah 2d 421, 439 P.2d 279 (1968); *Joseph v. W. H. Groves Latter Day Saints Hospital*, 7 Utah 2d 39, 318 P.2d 330 (1957); and *Hooper v. General Motors Corp.*, 123 Utah 515, 260 P.2d 549 (1953). In *Joseph* this Court stated (7 Utah 2d at 45, 318 P.2d at 334):

. . . Whether the testimony of an expert is as to "the very issue before the jury" is not a proper test as to its admissibility. Where the subject of inquiry is in a field beyond the knowledge generally possessed by laymen, one properly qualified therein may be permitted to testify to his opinion as an expert. If in the opinion evidence is such that it will aid the jury in understanding their problems and lead them to the truth as to disputed issues of fact, it is competent and admissible, irrespective of whether it bears directly upon the ultimate fact the jury is to determine.

Even more to the point is this Court's language in *Hooper* (123 Utah at 521, 260 P.2d at 552):

. . . Without determining whether the fact upon which Mr. Harris gave his opinion was properly characterized as "ultimate" we look to the fact itself. We are of the opinion that within the realm of his knowledge an expert may express an opinion as to what did cause a particular occurrence or condition and in so testifying his opinion may be cast in the form of "what did" cause, as well as "what might" or "what could" have caused a particular occurrence or condition, depending upon the degree of positiveness the witness desires to give his opinion.

*Macshara v. Garfield*, 20 Utah 2d 152, 434 P.2d 756 (1967), is an aberration from the above principles. In that case, this Court sustained a trial court's refusal to admit testimony of a police officer reconstructing "the accident and the speed and direction of the vehicles on the basis of such physical evidence" as the damage to the automobiles, gouge marks on the lawn and curbing, and the course the automobiles took after impact (20 Utah 2d at 154, 434 P.2d at 757). The court stated that "[t]he disallowance of the evidence was in conformity with the rule that such an opinion is not admissible if a layman of ordinary intelligence can just as well interpret the evidence as the experts" (Id. at 154, 434 P.2d at 757).

Although the court enunciated a proper formulation of the rule governing expert testimony, that rule was not properly applied in the circumstances of the case. To contend that the jury in such a case would not benefit from the opinion of one trained to reconstruct accidents based upon physical evidence remaining from a collision and that the jury is as capable of drawing the most reasonable conclusions from that evidence as is a trained officer, is not realistic. That, of course, is not to say that the jury, with its own common sense, and the assistance of penetrating cross-examination, cannot adequately evaluate that opinion in light of alternative explanations, the degree to which the opinion reasonably follows from the facts, and all other relevant considerations.

*Macshara* relied on *Day v. Lorenzo Smith & Son, Inc.,* 17 Utah 2d 221, 408 P.2d 186 (1965). *Day* correctly reiterated the rule that experts should only testify to opinions which laymen are not competent to reach. However, *Day* is not authority for the application made of that rule in *Macshara.* In *Day* an officer was allowed at trial to give an opinion or judgment as to the point of impact of a collision. This Court stated that it was error to admit the testimony as to point of impact because the officer's opinion "was not supported by sufficient facts and, what meager facts he did testify to were not connected up or related to his opinion. They were inadequate to support his conclusion" (17 Utah 2d at 226, 408 P.2d at 189).[1] The Court in *Day* also expressly reaffirmed the principle stated in *Joseph v. W. H. Groves Latter Day Saints Hospital,* supra, that the contention that an expert may not testify to the "very issue to be decided by the jury . . . is without merit" (17 Utah 2d at 223, 408 P.2d at 187).

Although *Macshara* correctly stated the legal standard to be applied in admitting the opinion evidence of experts, we believe that it misapplied the rule to the facts of the case. To the extent that *Macshara* holds that a properly trained police officer cannot testify to ultimate factual conclusions which are properly supported by the facts and subordinate inferences therefrom, we hold that *Macshara* is not consistent with Rule 56 of the Utah Rules of Evidence, and it is accordingly overruled.

The admissibility of accident reconstruction evidence depends in large measure upon the foundation laid. The expertise of the witness, his degree of familiarity with the necessary facts, and the logical nexus between his opinion and the facts adduced must be established. When such a foundation is laid, Rule 56 of the Utah Rules of Evidence makes an expert's opinion admissible, even though it embraces an ultimate issue.

The record in the instant case does not indicate the basis upon which the trial court excluded the opinion evidence as to causation. Despite the fact that the opinion called for was not per se inadmissible because it encompassed an ultimate fact, the trial court's ruling must still be affirmed. The question as posed to the witness was clearly defective. The question called for an opinion based in part on information obtained from "talking with the witnesses." This Court has recognized that an expert's opinion may be based upon evidence given at trial by other witnesses. *Lamb v. Bangart,* Utah, 525 P.2d 602 (1974). And in *Day v. Lorenzo Smith & Son, Inc.,* supra, at 17 Utah 2d 226, 408 P.2d 189 this Court stated:

An expert or skilled witness can give an opinion upon facts previously testified to by him, but not on facts known to him but not communicated to the jury. The witness must testify as to the facts upon which he bases his opinion and the facts

---

1. *Marsh v. Irvine,* 22 Utah 2d 154, 449 P.2d 996 (1969), is also distinguishable from *Macshara.* Marsh also dealt with the admissibility of the various types of evidence commonly used in attempting to reconstruct an automobile collision. In affirming the evidentiary rulings of the trial court, this Court did not indicate just what evidence, some of which may have been opinion evidence, was admitted and what was excluded. Nevertheless, the Court favorably referred to the rule stated in *Hooper v. General Motors Corp.,* supra, that an expert may testify to his "knowledge and/or his opinion to provide better understanding of the situation" (22 Utah at 158, 449 P.2d at 999).

should be related to the opinion. Otherwise, the testimony would be of little assistance to the court and jury, and there would be no way of testing the validity of the opinion.

The question posed in the instant case was not limited to testimony which was adduced at trial; it clearly opened the door to hearsay evidence gleaned from talking with persons outside the courtroom whose testimony may not have been admitted or admissible at trial. The interjection of such hearsay testimony, cloaked in the form of an expert opinion, would have been impermissible and potentially highly prejudicial.[2] Although cross-examination may have disclosed all or some of the potential defects, it is clear that the trial judge did not abuse his discretion in sustaining the objection.[3]

The judgment is affirmed. Costs to respondent.

MAUGHAN and WILKINS, JJ., concur.

HALL, Justice, concurs in result.

CROCKETT, Chief Justice (concurring with an exception):

I concur in this decision which correctly affirms the jury verdict and the judgment of the trial court; and I especially endorse and commend the lucid exposition of the proposition that the competency of the testimony of an expert is to be judged on its own merits, and not upon whether it does or does not invade the province of the jury.

On the basis of the facts shown, I think the trial court was well within the latitude of its discretion in sustaining the objection of the question to the officer:

*What* was the cause of this accident? The soundness of my conclusion that it was at least within the discretion of the trial court to sustain the objection can be made clearer by supposing a slight change in the question:

*Who* was the cause of this accident? It is obvious that the answer would involve conjecture without an adequate foundation for drawing such a conclusion.

Notwithstanding what has been said above, I confess my inability to appreciate why it is necessary or desirable to disinter the bones and re-decide the *Macshara* case. The essential aspect of that case with which disagreement is now voiced is this statement:

We think the trial court was correct in not allowing the officer to in effect reconstruct the accident and the speed and direction of the vehicles on the basis of such physical evidence as: gouge marks on the lawn and on the curbing, the damage to the automobiles, and the course he assumed they took after the impact. [20 Utah 2d at 154, 434 P.2d at 757.]

The main opinion itself says that the *Macshara* case "correctly stated the legal standard to be applied" and then proceeds to argue with its application to the particular facts of that case. I have no desire to engage in any extended discussion in defense of that case. But with due deference to the views of my colleagues and with some regret as to the necessity of disagreeing with them, I feel impelled to record my views as expressed herein.

For a number of reasons, including respect for established adjudications, and for those judges who are no longer here to defend their work, and because of considerations of economy in judicial time and effort, I have a definite aversion to probing among and disturbing long buried bones; and I do not desire to join therein unless there is some good purpose to be served in doing so, which I am unable to see in this instance. Accordingly, I limit my concur-

---

**2.** We recognize that expert evidence is sometimes justifiably based in part on evidence obtained outside the courtroom—even evidence of the adjudicatory facts in dispute. But such evidence is usually the type that an expert relies upon as a matter of course in forming opinions and is sufficiently reliable to warrant an opinion based thereon. See, e. g., *Jenkins v. United States*, 113 U.S.App.D.C. 300, 307 F.2d 637 (1962); *United States v. Aluminum Co. of America*, 35 F.Supp. 820 (S.D.N.Y.1940).

**3.** The record contains no proffer of proof. If it were to appear that a trial court improperly excluded evidence, it would be difficult in most cases to determine whether the error was prejudicial without a proffer of proof.

rence to the portion of the opinion which I think correctly states the rule of law and applies it to the facts in this case and note my disagreement with the post-mortem reversal of a case which I think was correctly decided, both as to the law (as stated by the main opinion) and as to its particular facts.