Austin HOBBS, Plaintiff and Appellant,

v.

**DENVER AND RIO GRANDE WEST-ERN RAILROAD and State of Utah Dept. of Transportation, Defendants and Respondents.**

No. 19019.

Supreme Court of Utah.

Feb. 3, 1984.

Jackson Howard, Provo, for plaintiff and appellant.

E. Scott Savage, Stuart L. Poelman, Salt Lake City, for defendants and respondents.

**PER CURIAM.**

This is a case where plaintiff drove a large "semi," a two-trailer coal truck, across four sets of tracks and in front of a westbound train at 10:00 p.m. on a clear night where vehicular traffic was only minimal. In his presentation on appeal, the plaintiff has recited facts that support his claim of error to the exclusion of those properly admitted, material, and supportive of the trial court's decision. Axiomatically, we affirm the lower court in such event. We therefore affirm the trial court's finding and decision to the effect that the plaintiff's own lack of due care was the sole proximate cause of his asserted damages.

The abbreviated facts properly before the lower court may be related as follows. First East was and is a public street in Price, Utah; so is Carbon Avenue, immediately to the west, which at the time of the collision, was closed for repairs by mutual agreement of the State, Price City and the railroad. First East was handling the traffic that customarily flowed on Carbon Avenue. First East had the usual railroad cross-bar warning signs, as did Carbon Avenue. The latter street had in addition, however, a mechanical flasher warning. The intersection was flat and unobstructed, without evidence of any dangerous condition.

To reach the site of the collision, plaintiff had to cross four sets of tracks before the fifth set on which the engine was travelling, and with which the truck collided. Except for a boxcar parked 120 feet east of the collision on one of the first sets of tracks, plaintiff had a clear, unobstructed view of the tracks and oncoming traffic. The evidence reflected that the boxcar, and nothing else, may have obstructed vision, and then but momentarily. Nothing obstructed the headlights or flashers, or prevented hearing a bell or whistle of the oncoming engine which were operating at the time. The engine's speed had been reduced to ten m.p.h., below that of the city ordinance to accommodate a special cautionary "slow order" of the company incident to the closure of Carbon Avenue.

The engine's crew was composed of an experienced engineer, brakeman and foreman. All were alerted to the truck's presence in crossing the tracks. It appeared that plaintiff was slowing to a stop when his truck lurched, gained speed and partially crossed the track on which the engine was travelling. A motorist following the truck testified to such lurching of the truck. The truck was hit broadside.

The plaintiff's brief on appeal is unsupported by the record when it states "any vision Hobbs may have had was obscured by various objects." Even if true, it would reflect a complete disregard of his added duty of care in crossing the tracks. Furthermore, the statement is not reflective of plaintiff's position taken at the trial.

■ Under the circumstances of this case, the lack of substance in plaintiff's claim that the State or the railroad did not provide a reasonably safe crossing becomes apparent. To prove his claim, plaintiff cites and quotes from *Denkers v. Southern Pacific Co.*, 52 Utah 18, 171 P. 999 (1918), and *Bridges v. Union Pacific Railroad Co.*, 26 Utah 2d 281, 488 P.2d 738 (1971). Both cases relate the conditions which establish a reasonably safe, railroad crossing. The later case stated as follows:

To authorize a jury to find negligence on the part of the railroad in not taking additional precautions, there must be evidence to indicate that the crossing was more than ordinarily hazardous, i.e., there must be something in the configuration of the land, or in the construction of the railroad, or in the structures in the vicinity, or in the nature or amount of travel on the highway, or in other conditions, which renders the warning employed at the crossings inadequate to warn the public of the danger. [Citations omitted.]

Defendants conformed to the standard in the instant case. The judgment is affirmed.