**Ben K. HOOPIIAINA, Plaintiff and Appellant,**

v.

**INTERMOUNTAIN HEALTH CARE, dba, LDS Hospital, and Jane Doe, Defendants and Respondents.**

No. 860076–CA.

Court of Appeals of Utah.

July 27, 1987.

Matt Biljanic, Midvale, for plaintiff and appellant.

Charles W. Dahlquist, Kirton, McConkie & Bushnell, Salt Lake City, for defendants and respondents.

## OPINION

Before GREENWOOD, GARFF and BILLINGS, JJ.

GREENWOOD, Judge:

Plaintiff appeals from an order dismissing his medical malpractice action against Intermountain Health Care, dba L.D.S. Hospital and granting defendant's motion for summary judgment. We affirm.

In January, 1981, plaintiff, while a patient at L.D.S. Hospital, was given a 200 mg. tablet of quinidine, a drug which had been ordered for another patient located in the same room as plaintiff. Plaintiff claimed that the drug caused injuries to his lungs and cardiovascular system. On February 9, 1984, defendant filed a motion for summary judgment based on plaintiff's failure to establish, through expert testimony, that the quinidine caused his injuries. Plaintiff admitted he did not have an expert but asserted that he was attempting to obtain one and would have one before trial. Based on that representation, the court denied the motion without prejudice. Defendant filed a certificate of readiness for trial on March 5, 1984, and the trial was set for September 17, 1984. Plaintiff did not object to the certification or the trial date. Defendant renewed his motion for summary judgment in July, 1984, and plaintiff again said he was trying to find an expert. The trial judge denied the motion and admonished plaintiff that he must have an expert. One week prior to trial at the pre-trial conference plaintiff was again asked about the expert. Plaintiff's counsel informed the judge that he would subpoena a doctor and hoped that the doctor would testify as to causation. The trial judge found this to be insufficient and granted defendant's motion for summary judgment.

Plaintiff also moved to compel defendant to provide answers to interrogatories concerning the name and address of the patient who should have received the quinidine. The court denied the motion.

Plaintiff asserts on appeal that the trial court erred in: 1) granting defendant's motion for summary judgment; and 2) denying plaintiff's motion to compel. In reviewing the trial court's decision to grant summary judgment, we must review the facts and inferences in the light most favorable to the party against whom the judgment was granted. *Atlas Corp. v. Clovis Nat'l Bank,* 737 P.2d 225, 229 (Utah 1987); *Durham v. Margetts,* 571 P.2d 1332, 1334 (Utah 1977). If we find that there is a dispute as to any genuine issue of material fact, we must reverse the trial court's grant of summary judgment and remand for a trial on the disputed issues. *Atlas,* 737 P.2d at 229.

■ In medical malpractice actions the plaintiff must provide expert testimony to establish: 1) the standard of care, *Marsh v. Pemberton,* 10 Utah 2d 40, 347 P.2d 1108, 1110 (1959); 2) defendant's failure to comply with that standard, *Nixdorf v. Hicken,* 612 P.2d 348, 351 (Utah 1980); and 3) that defendant caused plaintiff's injuries. *Huggins v. Hicken,* 6 Utah 2d 233, 310 P.2d 523, 526 (1957). Further, issues of fact which are outside the knowledge and experience of lay persons must be established by expert testimony. *Kim v. Anderson,* 610 P.2d 1270, 1271 (Utah 1980).

■ In this case, L.D.S. Hospital admitted that its employee mistakenly administered a single 200 mg. tablet of quinidine to plaintiff. Therefore, defendant's breach of a standard of care was admitted without requiring expert testimony. The only issues remaining for the jury were whether injury existed and whether the quinidine caused plaintiff's injury.

■ Despite repeated warnings by the trial judge, plaintiff failed to obtain an expert to testify that the quinidine injured him. Defendant, on the other hand, had an expert available to testify that the quinidine administered had not produced any injuries. In the absence of an expert to testify for plaintiff that the quinidine harmed him, the court correctly concluded that the jury would have no evidence upon which to base a finding that the quinidine

caused any harm to plaintiff. In addition, plaintiff had not provided any evidence to indicate that the amount of quinidine given plaintiff was an issue of fact.[1] Thus, no genuine disputes of material fact existed to preclude granting the motion for summary judgment.

 The trial court also acted properly in denying plaintiff's motion to compel discovery of information regarding the patient who was in the same room as plaintiff in the hospital and who should have received the quinidine tablet. Confidentiality of patient information is required by Utah Code Ann. § 78–25–25 (1987) and Chapter 7.404 of the Utah State Department of Health, Hospital and Psychiatric Hospital Rules and Regulations, Medical Records Department (1984 Revision). We also are convinced that invading the privacy of the former patient would not have led to evidence properly admissible and relevant to plaintiff's case.

Judgment affirmed. Costs to defendant.

GARFF and BILLINGS, JJ., concur.

---

Jerrold S. Jensen, Salt Lake City, for third-party defendants and respondents.

W. Brent Jensen, pro se.

E.J. Skeen, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff and appellant.

---

**1.** Plaintiff claimed on appeal that more than one tablet of quinidine might have been administered. However, the record lacks any inclu-

sion of such claim in the materials presented to the trial judge in connection with the motions for summary judgment.