Myrna I. MARTIN, Plaintiff and Appellant,

v.

Richard G. MOTT, et al., Defendants and Respondents.

No. 860103–CA.

Court of Appeals of Utah.

Oct. 22, 1987.

Anthony M. Thurber, Salt Lake City, for plaintiff and appellant.

David G. Williams, Snow, Christensen & Martineau, J. Anthony Eyre, Kipp & Christian, P.C., Salt Lake City, for defendants and respondents.

## OPINION

Before BENCH, GREENWOOD and GARFF, JJ.

BENCH, Judge:

Plaintiff appeals from the order of summary judgment entered against her based on her inability to present competent expert testimony in support of her malpractice action against defendant. We affirm.

On May 12, 1980, plaintiff Myrna Martin contacted defendant Richard Mott, a podiatrist, for treatment of a painful condition in her foot. Defendant diagnosed the problem as acute achilles tendonitis and treated it accordingly. The pain persisted. At defendant's request, plaintiff contacted Gordon R. Kimball, an orthopedic surgeon. On June 4, 1980, Dr. Kimball diagnosed peripheral vascular disease and an arterial occlusion. Robert Beveridge, a cardiovascular surgeon, was called in to operate. Plaintiff filed this action on November 4, 1981, alleging negligence by defendant in failing properly to diagnose and treat her condition.

The elements of an action for negligence include: 1) a duty of reasonable care owed by defendant to plaintiff; 2) a breach of that duty; 3) causation, both actual and proximate, of the injury; and 4) damages suffered by plaintiff. *Robinson v. Intermountain Health Care*, 740 P.2d 262, 264 (Utah App.1987). In a medical malpractice action, unless within the common knowledge and experience of a layman, a plaintiff must provide expert testimony to establish the standard of care or duty owed by defendant, defendant's failure to comply with the standard, and that defendant's violation of the standard caused plaintiff's injuries. *Hoopiiaina v. Intermountain Health Care*, 740 P.2d 270, 271 (Utah App. 1987).

After a prolonged discovery process, plaintiff designated William H. Fleming, M.D., as her expert witness. In his deposition dated May 30, 1984, Dr. Fleming admitted he never saw nor reviewed defendant's medical records except for one bill which listed the number of plaintiff's visits to defendant. Dr. Fleming testified he did not know the standard of care expected of podiatrists, but that in his opinion, if defendant were a physician, then he did violate the standard of care applicable to physicians.

Defendant filed a motion for summary judgment on October 24, 1984. In support, defendant submitted the affidavits of Drs. Kimball and Beveridge who both testified they had reviewed defendant's records, were familiar with the standard of care applicable to podiatrists, and that defendant fully complied with said standard. In a memorandum decision, the trial court found no genuine issue as to any material fact existed and, in an order dated January 9, 1985, granted defendant's motion for summary judgment.

On appeal, plaintiff argues sufficient evidence was before the court to raise a material issue of fact as to defendant's negligence. Plaintiff cites *Walkenhorst v. Kesler*, 92 Utah 312, 67 P.2d 654 (1937), for the proposition that a physician, such as Dr. Fleming, is qualified to testify as an expert witness in all fields of medicine. In *Walk-*

*enhorst,* the trial court allowed a medical doctor to testify against a chiropractor in an action for medical malpractice. On appeal, the Utah Supreme Court affirmed the trial court's action, noting the trial court allowed the medical doctor's testimony because "evidence submitted to the jury was sufficient to show appellant stepped out of the 'chiropractic' field" and into the field of medicine. *Id.* 67 P.2d at 666. The medical doctor, familiar with the standard of care applicable to the practice of medicine in which the chiropractor had engaged, was thus competent and qualified to testify.

More recently, in *Burton v. Youngblood,* 711 P.2d 245 (Utah 1985), the Utah Supreme Court held, "ordinarily, a practitioner of one school of medicine is not competent to testify as an expert in a malpractice action against a practitioner of another school." *Id.* at 248. The Court went on to explain the use of the word "ordinarily":

> The trial court did not hold that a member of one school cannot testify against a member of another school as a matter of law. It only held that under the facts of this case, the foundation necessary to allow a member of one medical specialty to testify about the standard of care applicable to a member of another medical specialty had not been established.

*Id.* To establish this foundation and thereby qualify a witness as an expert on the applicable standard of care, "the party offering the witness must establish the witness' knowledge and familiarity with the standard of care and treatment commonly practiced by physicians engaged in the de-fendant's specialty." *Greene v. Thomas,* 662 P.2d 491, 493 (Colo.App.1982).

In the instant case, plaintiff, by Dr. Fleming's own admissions, clearly failed to establish by expert testimony the standard of care applicable to podiatrists such as defendant. Unaware of the standard of care, Dr. Fleming clearly was not competent to testify as to any breach of such standard. Also, Dr. Fleming was, by his own admission, not familiar with any facts surrounding plaintiff's treatment. As stated in *Edwards v. Didericksen,* 597 P.2d 1328 (Utah 1979), "The admissibility of [expert] evidence depends in large measure upon the foundation laid. The expertise of the witness, *his degree of familiarity with the necessary facts,* and the logical nexus between his opinion and the facts adduced *must be established."* *Id.* at 1331 (emphasis added).

As plaintiff's evidence failed to raise a material issue of fact as to negligence, summary judgment was appropriate. *Robinson,* 740 P.2d at 267; *Hoopiiaina,* 740 P.2d at 271–72.

Affirmed.

GREENWOOD and GARFF, JJ., concur.